**Opinion issued October 18, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00579-CR

———————————

**MAYRA FLORES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Case No. 1280239**

---

## MEMORANDUM OPINION

Appellant, Mayra Flores, was charged by indictment with murder.[1]  The jury

found her guilty, and the trial court assessed punishment at 25 years' confinement.

---

[1]     *See* TEX. PENAL CODE ANN. § 19.02(b) (West 2011).

In one issue, Appellant argues the trial court abused its discretion by admitting the two audio recordings of her custodial interrogation.

On original submission, we overruled Appellant's sole issue, holding there was no error. *Flores v. State*, No. 01-14-00579-CR, 2015 WL 4591707, at *3 (Tex. App.—Houston [1st Dist.] July 30, 2015, pet. granted) (*Flores I*). The Court of Criminal Appeals determined there was error, and the court remanded the case to this Court to conduct a harm analysis. *Flores v. State*, No. PD-1189-15, 2018 WL 2327162, at *9 (Tex. Crim. App. May 23, 2018) (*Flores II*).

We reverse and remand for a new trial.

## Background

On October 3, 2010, Appellant and her boyfriend, Francisco Castellano, were arguing. In the course of the argument, Appellant stabbed Castellano, ultimately killing him. Officers W. Kuhlman and R. Hunter interrogated Appellant. Officer Kuhlman recorded the interview. Thirty-six minutes into the interrogation, the recording device stopped. About thirty minutes after that, Officer Kuhlman began recording again. The interrogation lasted for another 53 minutes. The last 18 minutes of the recording are missing from the audio file admitted into trial, however.

At trial, Appellant sought to suppress the admission of the two audio recordings, claiming the recordings were inadmissible because they were incomplete. The trial court overruled the objection and admitted both recordings.

**Motion to Suppress Interrogation Audio Recordings**

Appellant argues she was harmed by the trial court erroneously admitting the two audio recordings of her custodial interrogation. Appellant's argument that the evidence should have been excluded was based on section 3 of article 38.22 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3(a) (West 2018). The harm analysis for errors based on section 38.22 is governed by rule 44.2(b) of the Texas Rules of Appellate procedure. *Nonn v. State*, 117 S.W.3d 874, 881 (Tex. Crim. App. 2003); *Smith v. State*, 236 S.W.3d 282, 296 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); TEX. R. APP. P. 44.2(b). Under rule 44.2(b), any error "that does not affect substantial rights must be disregarded." TEX. R. APP. P. 44.2(b). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *Smith*, 236 S.W.3d at 296–97 (citing *King v. State,* 953 S.W.2d 266, 271 (Tex. Crim. App. 1997)).

In making this assessment, we consider the entire record, including the evidence admitted, the nature of the evidence supporting the conviction, the character of the error, and how the erroneously admitted evidence relates to other evidence in the case, the charge, the State's and the defense's theories of the case, and closing arguments. *See Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000).

While the opinion joined by a plurality of the court in *Flores II* (the "Opinion") did not perform a harm analysis, it did analyze whether the admission of the recordings was material. 2018 WL 2327162, at *7–*8. This materiality analysis reviewed the same portions of the record required of a substantial-injury analysis. The Opinion determined, "The way the prosecution dealt with the missing portions of the recorded interview in trial effectually generated materiality." *Id.* at *7.

The Opinion observed that, during the testimony of the officer that recorded the interview, the State never asked the officer "what Appellant said to him during the missing minutes." *Id.* In contrast, "the State repeatedly challenged Appellant about what counsel for the State perceived as changes and omissions in her statements about Castellanos's death. Despite his assertions that no part of the interrogation was missing, counsel for the State repeatedly referred to 'the part that wasn't recorded.'" *Id.* The Opinion quoted five separate portions of Appellant's cross-examination to highlight this point. *Id.* at *7–*8. Appellant testified that she did tell the officers that she acted in self-defense during her interrogation. *Id.* The State questioned Appellant why her defense was not on the recording, asking questions such as, "So that's on the part that's missing, as well?" *Id.* at *8.

The same theme appeared in the State's closing. *Id.* The State characterized Appellant's assertion that she acted in self-defense as something she made up in

preparation for trial. *Id.* Its proof for this argument was the fact that the defense was not asserted in the recordings. *Id.*

"In this case, the State failed to preserve evidence and then used its absence to undermine Appellant's trial testimony about the events that ended in Castellanos's death." *Id.* This put Appellant in an impossible situation. "Appellant could not prove that she had made a prior statement that was consistent with her trial testimony because any such statements had been lost through no fault of her own." *Id.* The State used this inability to prove what the officers had lost against Appellant. "By repeatedly referring to what might or might not have been said during the missing thirty minutes, the State improperly used the missing minutes as a sword against Appellant." *Id.*

In a claim of self-defense, "a defendant bears the burden of production," while "the State . . . bears the burden of persuasion to disprove the raised defense." *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003). The State attempted to carry its burden of persuasion by forcing Appellant to defend missing pieces of evidence that were beyond her ability to preserve. *See Flores II*, 2018 WL 2327162, at *8. We hold the admission of the incomplete recordings affected Appellant's substantial rights. *See* TEX. R. APP. P. 44.2(b).

We sustain Appellant's sole issue.

## Conclusion

We reverse the judgment of the trial court and remand for a new trial.


Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).

6